NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0603n.06

No. 12-1840

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 26, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL A. STEVENSON, Chapter 7 Trustee for the Estate of Mazin Yaldo; MAZIN K. YALDO, MD; MICHIGAN GLAUCOMA INSTITUTE, PC; ASSOCIATED EYE INSTITUTES OF DETROIT, PC; DH EQUIPMENT, LLC; and ASSOCIATED EYE SPECIALISTS OF FARMINGTON HILLS, PC, | ) ) ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| v. | ) ) | THE EASTERN DISTRICT OF MICHIGAN |
| DR. DANIEL HADDAD; DANIEL S. HADDAD, MD, PC doing business as Laser Eye Institute; and JOHN DOE, | ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

Before: MARTIN and COOK, Circuit Judges; GRAHAM, District Judge[*]

PER CURIAM. Plaintiffs-Appellants Dr. Mazin Yaldo, his Chapter 7 bankruptcy estate's

trustee, Michael A. Stevenson ("Trustee"), three professional corporations d/b/a "Yaldo Eye Center,"

and DH Equipment, LLC ("DHE") appeal the district court's application of judicial estoppel to

dismiss their suit against a competitor they claim published false and misleading advertisements

about their business. Defendants-Appellees, Dr. Daniel Haddad and his professional corporation

d/b/a "Laser Eye Institute," defend the court's use of judicial estoppel, citing the Trustee's

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

undisclosed conflict of interest. Appellees also support the judgment on multiple grounds not reached by the district court, including standing and the merits of the claims. Appellants move to strike these alternative arguments for lack of a cross-appeal, and both parties move the court to take judicial notice of various aspects of the bankruptcy and discovery proceedings. For the following reasons, we VACATE IN PART and REMAND the district court's judgment and DENY the parties' appellate motions as MOOT.

Though the district court dismissed the entire case with prejudice, appellants challenge only four aspects of its judicial-estoppel ruling: (1) the dismissal of the Trustee's claims; (2) the dismissal of Dr. Yaldo's post-bankruptcy-petition claims; (3) the dismissal of Dr. Yaldo's request for injunctive relief; and (4) the dismissal of DHE's claims. Confining our review to these issues, we find that the district court neglected to explain why the parties' conduct justified judicial estoppel of these claims.

The court's categorical estoppel-of-all-claims-by-all-parties cannot stand in light of our recent decision in *Stephenson v. Malloy* that "a debtor's errors or omissions should not be attributed to the trustee for purposes of judicial estoppel." 700 F.3d 265, 272 (6th Cir. 2012) (reversing the district court's estoppel-based judgment against a Ch. 7 trustee where "[d]efendants allege[d] no wrongdoing by the trustee"). Appellees suggest tension between *Stephenson* and our prior precedent, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478–84 (6th Cir. 2010) (affirming the district court's estoppel-based dismissal of a debtor's sexual harassment suit, where

the debtor concealed the claims from her bankruptcy estate). Yet *White* did not squarely address whether a debtor's concealment of assets justifies estopping the bankruptcy trustee from bringing claims on behalf of the bankruptcy estate and, thus, does not control. *See* 617 F.3d at 481 n.10 (rejecting the dissent's suggestion that the court allow the debtor's claims to proceed in light of the plan confirmation order's requirement that litigation proceeds go to the bankruptcy estate); *see also Stephenson*, 700 F.3d at 272–73 (distinguishing *White*). To permit individualized consideration of the Trustee's pursuit of these claims, we VACATE that aspect of the court's judgment and REMAND for further consideration in light of *Stephenson*.

We similarly VACATE the district court's summary dismissal of Dr. Yaldo's post-bankruptcy-petition claims (portions of which appear to request injunctive relief) and DHE's claims pertaining to the "Yaldo" tradename. Appellees suggest that Dr. Yaldo and DHE lack standing to pursue these claims, pointing to Dr. Yaldo's bankruptcy and a voided transfer of assets from him to DHE. They further challenge the remaining claims on the merits, renewing arguments presented to the district court in their motion to dismiss. Though properly preserved, the undeveloped nature of these issues persuade us that the district court should resolve these matters in the first instance on remand.

We therefore VACATE the district court's judgment to the extent that it dismissed the Trustee's claims, Dr. Yaldo's post-petition and injunctive-relief claims, and DHE's claims, and

No. 12-1840
*Stevenson et al. v. Haddad et al.*

REMAND for further proceedings consistent with this opinion.  We DENY the parties' appellate

motions as MOOT.